# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| REBECCA NANCE,                    )<br><br>                   Plaintiff,      )<br>        vs.                       )<br>                                  )<br>GREEN POINT MORTGAGE;             )<br>COUNTRYWIDE MORTGAGE; BAC         )<br>HOME LOANS; AURORA LOAN           )<br>SERVICES; OLD REPUBLIC; and U.S.  )<br>BANK,                             )<br>                                  )<br>                   Defendants.    )<br>_____) | Case No.: 2:12-cv-01999-GMN-PAL<br><br>**ORDER** |

This action arises out of the foreclosure proceedings initiated against the property of *pro se* Plaintiff Rebecca Nance. (Compl., ECF No. 1.)  Pending before the Court is the Motion to Dismiss (ECF No. 7) filed by Defendants GreenPoint Mortgage Funding, Inc. ("GreenPoint"), Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P. ("Bank of America"), U.S. Bank, N.A. ("U.S. Bank"), Countrywide Mortgage ("Countrywide"), and Aurora Loan Services ("Aurora Loan") (collectively, "Defendants").  Plaintiff filed a Response (ECF No. 11), and Defendants filed a Reply (ECF No. 14).

## I.      BACKGROUND

This action is apparently the second filed by Plaintiff and litigated in federal court, relating to the property located at 7275 Childers Avenue, Las Vegas, Nevada, 89178, APN #:176-27-813-020 ("the property"). *See Nance v. GreenPoint Mortg.*, 2:11-cv-00776-KJD-GWF (D. Nev. 2011).

In the prior action, Plaintiff filed suit with co-plaintiff Brian Brown, and named Defendants GreenPoint, Countrywide, BAC Home Loan (Bank of America), and Aurora Loan

as defendants. *Id.*  Plaintiff also named as defendants Silver State Trustee Services, LLC, and Mountains Edge Master Association. *Id.*  Plaintiff's causes of action were for: (1) Fraud – All Named Defendants; (2) Breach of Duty of Good Faith and Fair Dealing – Against All Defendants; (3) Quiet Title; (4) Breach of Fiduciary Duty; (5) For a Temporary Restraining Order, Permanent Injunction and for Damages against All Defendants for Wrongful Foreclosure Wrongful Attempted Foreclosure; (6) Suitability; (7) Negligence; (8) Liability Per Se; (9) Negligence Misrepresentation; (10) Unfair Lending Practices against All Defendants; and (11) Intentional Infliction of Emotional Distress and, in the alternative, Negligent Against All Defendants. *Id.*

In that action, on July 1, 2011, Plaintiff's complaint was dismissed and judgment was entered in favor of all defendants pursuant to Rule II.7-2(d) of the Local Rules of Civil Practice for the United States District Court in the District of Nevada and because Plaintiff failed "to either name parties as Defendants, except in the caption, or to make any specific factual allegations against the parties upon which relief may be granted." *Id.*

Here, Plaintiff has named two defendants not named in the prior action: Defendant "Old Republic," who has not yet entered an appearance in this action[1], and Defendant U.S. Bank. (Compl., ECF No. 1.)  She has named the exact causes of action alleged in the prior action, but has added one additional cause of action with the heading, "Violation of the AB-284." (*Id.*)

The publicly recorded documents submitted to the Court indicate that the Deed of Trust on the property secured a loan in March 2007 from Defendant GreenPoint, as beneficiary, to Plaintiff as her sole and separate property. (Deed of Trust, Ex. B to Mot. to Dismiss, ECF No. 7-2.)  Mortgage Electronic Registration Systems, Inc. ("MERS") was named as beneficiary

---

[1] On November 21, 2012, Plaintiff filed Proof of Service for Defendants, indicating that Defendants were all served on November 19, 2012, by server "Brian Brown" of 7278 Childers Avenue, Las Vegas, Nevada, 89178. (ECF No. 6.)  With the exception of Defendant U.S. Bank, Defendants were all served via "Frances Gutierrez" of "CSC Services of Nevada." (*Id.*)  Plaintiff's Proof of Service for Defendant U.S. Bank lists an individual named "Tiffany" with no surname, title or company identification. (*Id.*)

1   solely as nominee for the Lender and Lender's successors and assigns, and Marin

2   Conveyancing Corp. was named as Trustee. (*Id*.)  On June 3, 2008, a Notice of Default was

3   recorded under the Deed of Trust, by "Old Republic National Title Insurance Company, as

4   agent for the Beneficiary." (Notice of Default, Ex. C to Mot. to Dismiss, ECF No. 7-3.)  On

5   September 10, 2008, Defendant GreenPoint recorded a Substitution of Trustee that was dated

6   August 8, 2008, naming Old Republic, Default Management Services, as Trustee under the

7   Deed of Trust. (Substitution of Trustee, Ex. D to Mot. to Dismiss, ECF No. 7-4.)

8          After the judgment was entered and a lis pendens expunged for the prior action in July

9   2011, MERS recorded an Assignment on June 13, 2012, transferring the beneficial interest

10  under the Deed of Trust to Defendant U.S. Bank. (Assignment, Ex. N to Mot. to Dismiss, ECF

11  No. 7-14.)  On October 11, 2012, a Notice of Trustee's Sale was recorded by "Old Republic

12  Default Management Services, a Division of Old Republic National Title Insurance Company

13  as the duly appointed Trustee under and pursuant to the Deed of Trust." (Notice of Trustee's

14  Sale, October 2012, Ex. O to Mot. to Dismiss, ECF No. 7-15.)  This Notice of Trustee's Sale

15  set a date of November 2, 2012, for a foreclosure sale under the Deed of Trust. (*Id*.)

16         Plaintiff filed the instant action on November 19, 2012. (Compl., ECF No. 1.)  Plaintiff

17  also recorded a Notice of Lis Pendens on November 21, 2012. (Notice of Lis Pendens,

18  November 2012, Ex. Q to Mot. to Dismiss, ECF No. 7-17.)

19  **II.   LEGAL STANDARD**

20         Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a

21  cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l*

22  *v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to

23  dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the

24  complaint does not give the defendant fair notice of a legally cognizable claim and the grounds

25  on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering

1    whether the complaint is sufficient to state a claim, the Court will take all material allegations

2    as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v.*

3    *Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

4        The Court, however, is not required to accept as true allegations that are merely

5    conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

6    *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

7    with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

8    violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

9    *Twombly*, 550 U.S. at 555) (emphasis added).

10        In order to survive a motion to dismiss, a complaint must allege "sufficient factual

11    matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

12    556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility

13    when the plaintiff pleads factual content that allows the court to draw the reasonable inference

14    that the defendant is liable for the misconduct alleged." *Id*.

15        A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b)

16    for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino*

17    *Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's

18    complaint contain "a short and plain statement of the claim showing that the pleader is entitled

19    to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because

20    "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179

21    (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to

22    liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132,

23    1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of

24    leniency.

25        "Generally, a district court may not consider any material beyond the pleadings in ruling

on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.  **DISCUSSION**

As noted by Defendants in their motion, the claims alleged by Plaintiff here are barred by the doctrine of *res judicata* or claim preclusion.

Notwithstanding this procedural obstacle, Plaintiff has not alleged any causes of action that satisfy the pleading requirements discussed above.  The Court construes Plaintiff's

references to "AB 284" as an allegation of violations under Nevada statute, particularly to the amendments that became effective in July 2009 as codified in Chapter 107 of Nevada Revised Statutes. *See* Nev. Rev. Stat. §§ 107.080, .086, .087.  The publicly recorded documents submitted to the Court by Defendants show no statutory violations relating to the foreclosure proceedings under the Deed of Trust, particularly where governed by the statutes in effect at the time, as discussed by Defendants in their motion.  The majority of the publicly recorded documents and foreclosure proceedings took place prior to the enactment of Assembly Bill 284, governing the Notice of Default, and the effective date of the Nevada legislature's amendments on July 1, 2009.  Even under the current version of the statute governing the recording of assignments, Plaintiff cannot show that any violation has occurred with regard to the Assignment and Notice of Trustee's Sale discussed above. *See* Nev. Rev. Stat. § 106.210.

For these reasons, the Court finds that Plaintiff's pleading must be dismissed, for failure to state a claim upon which relief can be granted.  The Court finds further that it is clear the deficiencies described above, and in Defendants' Motion to Dismiss (ECF No. 7), cannot be cured by amendment.  Therefore, this action will be dismissed with prejudice.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 7) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**.  The Clerk shall enter judgment accordingly.

**DATED** this 20th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge